**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ahmed Ali Yadin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jeff Sessions, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-3466 (SRN/SER)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Abdulwahid Osman, Abdulwahid Law Firm, PLLC, 2929 Chicago Avenue, Suite 110, Minneapolis, Minnesota 55407, for Plaintiff.

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter comes before the undersigned United States District Judge for consideration of Petitioner Ahmed Ali Yadin's Objections [Doc. No. 20] to United States Magistrate Judge Steven E. Rau's Report and Recommendation ("R&R"), dated April 13, 2017 [Doc. No. 19]. The magistrate judge recommended that Yadin's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Pet.") be denied, and the action be dismissed.

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole

or in part, the findings or recommendations" contained in that opinion." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that de novo review, and for the reasons set forth below, the Court determines that Yadin's habeas petition has been rendered moot, and therefore must be denied.

## II. BACKGROUND

Yadin is a citizen of Somalia who entered the United States on October 26, 2015. (*See* Campbell Decl. [Doc. No. 5] ¶ 6.) He was taken into custody by United States Immigration and Customs Enforcement ("ICE") personnel on that date, and served with a form I-860 Notice of Expedited Removal. (*See id.*) Because Yadin claimed that he feared for his personal safety if he returned to Somalia, his case was referred to an Immigration Judge ("IJ") for asylum review. (*See id.* ¶ 8.) The IJ ultimately denied the asylum claim on March 30, 2016, and ordered Yadin to be deported. (*See id.* ¶ 10.) Yadin waived his right to appeal and the IJ's order became final on April 11, 2016. (*See id.*)

While awaiting deportation, Yadin has been housed in the Sherburne County Jail in Elk River, Minnesota. (Habeas Pet. ¶ 1.) On October 9, 2016, Yadin filed the present habeas corpus petition, asserting that his continued civil immigration detention pending removal violated the six month presumption of reasonability set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). On April 13, 2017, Judge Rau issued his R&R recommending that Yadin's petition be denied. (*See generally* R&R.) Yadin timely objected to the R&R, triggering this de novo review. However, while the matter was pending with this Court, Yadin was removed to Somalia on July 28, 2017.

## III. DISCUSSION

Pursuant to Article III of the United States Constitution, this Court's jurisdiction is limited to "actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). Jurisdiction may be destroyed in such a manner when, for instance, an event occurs which renders the Court unable to afford the prevailing party any effectual relief whatsoever. *See In re Grand Jury Subponeas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996). In the case of a petition for habeas corpus brought by an immigration detainee, once the petitioner "has been removed from the United States and deported to his native country . . . his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III." *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citations omitted), *adopted by* 2012 WL 4839019 (D. Minn. Oct 11, 2012).

Here, Yadin argues that he is entitled to be released from ICE custody as his aggregated detention has exceeded the six month period considered presumptively reasonable under *Zadvydas*. *See* 533 U.S. at 701. Because Yadin has been deported from this country, however, "[t]his Court can no longer order the relief sought in the Petition." *Estrada-Heredia*, 2012 WL 4839113, at *2. Accordingly, because there is no longer a justiciable case or controversy, this action must be denied as moot.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** as moot; and

2. This action is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 31, 2017
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge